IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TERRY WILLIAMS,

                    Plaintiff,

        vs.

MOLLY ASHFORD and OMAHA
WORLD-HERALD,

                    Defendants.

8:24CV340

MEMORANDUM AND ORDER

        This matter is before the Court on Plaintiff Terry Williams' complaint filed on September 3, 2024. Filing No. 1. Plaintiff is currently incarcerated in the Douglas County Jail. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b).

## I. SUMMARY OF COMPLAINT

        Plaintiff has sued Molly Ashford and the Omaha World Herald, asserting a right to recover under 42 U.S.C. § 1983 for violations of his constitutional rights. Filing No. 1. Plaintiff alleges the following as his "Statement of Claim":

        In July 2024, Ashford, a staff writer for the Omaha World Herald, wrote a story about criminal charges filed against Plaintiff. The story, which included a picture of Plaintiff with a large-print headline, allegedly made Plaintiff look guilty. The story mentioned Plaintiff was charged with sexual assault in 2014. Plaintiff states Ashford's story was slanderous because the 2014 charge was reduced from a sexual assault to a misdemeanor assault, and the use of the word "rape" was improper because "rape" was changed to "sexual assault" under Nebraska law effective August 24, 1975. Filing No. 1 at 4; *see* 1975 Neb.

Laws, L.B. 23; *see also State v. Evans*, 249 N.W.2d 204, 205 (Neb. 1977). Plaintiff seeks an award of damages. Filing No. 1 at 5.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal

framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. DISCUSSION
### Section 1983 Claim

To recover under 42 U.S.C. § 1983, Plaintiff must show "the conduct complained of was committed by a person acting under color of state law," and this conduct deprived him of "rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999).

Ashford and the Omaha World Herald are not state actors, and Plaintiff has not alleged they were acting in concert with state actors when the article was published. So, Plaintiff cannot bring a § 1983 claim against the defendants. *Lightfeather v. Beatrice Sun Times*, 2021 WL 2002528, at *2 (D. Neb. 2021) (collecting cases).

A federal court must dismiss a case if it lacks subject matter jurisdiction. Subject matter jurisdiction is proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Here, Plaintiff's complaint has not stated a valid claim arising under federal law. This Court lacks federal question jurisdiction over this case.

Subject matter jurisdiction is also proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In

3

addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Here, Plaintiff and both defendants are Nebraska citizens. Diversity jurisdiction is lacking.

Plaintiff has not stated a claim for recovery under 42 U.S.C. § 1983, and this Court lacks subject matter jurisdiction.

Accordingly,

IT IS ORDERED:

1.     This matter is dismissed without prejudice.

2.     A separate judgment will be entered.

Dated this 12th day of August, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge